IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

**BOBBY JOE KEEN**,                                   Case No.  2:09-CV-01223-SU

      Plaintiff,                                                        **ORDER AND**
v.                                                                               **OPINION**

**COMMISSIONER SOCIAL SECURITY
ADMINISTRATION**,

      Defendant.

---

SULLIVAN, United States Magistrate Judge:

      Plaintiff seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b) in this social security

case.  The motion for attorney fees is unopposed.  For the reasons that follow, the Court dismisses

the motion with leave for plaintiff to renew upon a showing of good cause for failure to file the

Page 1 - ORDER AND OPINION

motion timely.

## BACKGROUND

On October 15, 2009, plaintiff filed his initial complaint with this Court, seeking review of the Commissioner of Social Security's rejection of his application for Title II disability insurance benefits ("DIB") and Title XVI supplemental security income ("SSI"). After plaintiff filed an opening brief with this Court, the parties stipulated that the case should be remanded for further administrative proceedings. Stipulated Mot. Remand, at 1-2 (Doc. #28). On February 23, 2011, this Court granted the stipulated motion and remanded the case to the Social Security Administration ("SSA") for further proceedings. Order Granting Mot. Remand, at 1 (Doc. #29). On remand, after administrative hearings on May 15, 2012 and December 18, 2014, the SSA granted plaintiff both SSI and DIB benefits. Cohen Decl., at 2 (Doc. #37). Initially, plaintiff was awarded $28,186.31 in past-due SSI benefits. Mem. In Supp. Mot. Att'y Fees Ex. 3, at 1 (Doc. #36-3) (Notice Past-Due SSI Benefits). After the second hearing, SSA awarded plaintiff DIB benefits beginning in June 2005. Mem. In Supp. Mot. Att'y Fees Ex. 1 (Doc. #36-1) (Notice of Award). Counsel has calculated that amount at $100,380 in past-due DIB benefits. Mem. In Supp. Mot. Att'y Fees, at 2.

On May 26, 2011, this Court granted plaintiff's counsel Equal Access to Justice Act ("EAJA") fees amounting to $5,438.53. Order EAJA Fees, at 1 (Doc. #33). On August 27, 2015, plaintiff's counsel filed the present motion for attorney fees pursuant to Section 406(b). Counsel asserts they are entitled to $25,095— 25 percent of plaintiff's past-due DIB benefits. Mem. In Supp. Mot. Att'y Fees, at 2. Counsel recognizes that any award under Section 406(b) would be offset by the $6,000 in fees SSA already awarded counsel for representation of plaintiff at the administrative level. Mem. In Supp. Mot. Att'y Fees, at 1-2; Mem. In Supp. Mot. Att'y Fees Ex. 1, at 3-4. Thus,

counsel asks the Court to award them $19,095 in fees.  Mot. Att'y Fees, at 1-2; Mem. In Supp. Mot. Att'y Fees, at 1.   The Court must also offset any award of Section 406(b) fees by the amount of the EAJA award, $5,438.53.  Mot. Att'y Fees, at 2.  Counsel states that they worked 31 hours on plaintiff's case in federal court but counsel does not supply any accounting or documentation of those hours. Mem. In Supp. Mot. Att'y Fees, at 2.  The Commissioner does not oppose counsel's motion for attorney fees.

## DISCUSSION

District of Oregon Local Rule 4000-8 sets a 60-day time limit for fee applications under 42 U.S.C. §406(b).  Specifically, the local rule states, "Plaintiff shall submit any application for attorneys' fees under 42 U.S.C. § 406(b) within 60 days after plaintiff's federal court attorney has received all of the Notices of Award which are necessary to calculate the total amount of retroactive benefits payable."  Under the rule, a court may only deem an application submitted after the deadline as timely if counsel shows "good cause for the delay." LR 4000-8.  The rule also provides that counsel must include with their application for fees "a copy of the Notice(s) of Award" from the SSA.  Absent good cause, courts will deny motions filed late.  *See, e.g., McCarley v. Colvin*, 2014 WL 4792932, at *2 (D. Or. Sept. 24, 2014).  Here, plaintiff's counsel submitted with the motion an SSA Notice of Award dated May 5, 2015 and stamped "Received May 8, 2015."   Mem. In Supp. Mot. Att'y Fees Ex. 1, at 1 (Doc. #36-1) (Notice of Award).  Plaintiff's counsel submitted a motion for Section 406(b) attorney fees on August 27, 2015—three months and 19 days after their apparent receipt of the Notice of Award.  Based on this record, the motion for attorney fees does not appear timely.  As the record now stands, the Court cannot recommend that the fee application be granted. The Court grants plaintiff's attorneys leave to renew the motion upon a showing of good cause for

Page 3 - ORDER AND OPINION

their failure to request fees within 60 days. *See McCarley v. Colvin*, 2014 WL 3866168 (D. Or. Aug. 6, 2014) (denying motion with leave to renew).

Even if the application for fees were timely, the Court has concerns about recommending the amount of attorney fees requested absent some documentation of the 31 hours counsel states they worked on the federal case. Plaintiff's counsel bears the burden of establishing that the fees sought are reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Although courts may not use the number of hours spent on a case in order to calculate Section 406(b) fees, courts may consider the number "as an aid in assessing the reasonableness of the fee" yielded by the attorney-client fee agreement. *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009); *Quinnin v. Colvin*, 2013 WL 5786988, at *1 (D. Or. Oct. 28, 2013). Courts may reduce 406(b) fee awards "[i]f the benefits are large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 535 U.S. at 808. For that reason, "the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808. Accordingly, if counsel renews the application for fees, the Court orders counsel to submit a record of the hours spent representing plaintiff in federal court and a statement of their normal hourly billing charges.

//

//

//

//

//

Page 4 - ORDER AND OPINION

**CONCLUSION**

For the reasons stated above, the Court **DENIES** Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b)  (Doc. #35).  However, the Court **GRANTS** plaintiff's counsel leave to show good cause for failing to request the fees in a timely manner and to renew the motion no later than **14 days** from the date of this order.  Should counsel do so, the Court **ORDERS** counsel to submit a record of the hours spent representing plaintiff in federal court and a statement of normal hourly billing charges.

IT IS SO ORDERED.

DATED this 9th day of September, 2015.


_____/s/ Patricia Sullivan_
Patricia Sullivan
United States Magistrate Judge